# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROCKY GOODEN, | ) |
|       Plaintiff, | ) |
| v. | )   CAUSE NO. 07-167-WDS |
| DAVE WELCH and THE AMERICAN COAL COMPANY, | ) |
|       Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' motion to dismiss (Doc. 3) to which the plaintiff has not filed a response, but has filed a motion to remand (Doc.13). Defendants have filed a response to plaintiff's motion to remand (Doc. 18). The plaintiff filed his original complaint in the Circuit Court for the First Judicial Circuit, Saline County, Illinois, seeking to recover for alleged retaliatory discharge for filing a workers compensation claim under the Illinois Workers Compensation Act while employed at The American Coal Company (TACC). The complaint is framed in two counts. Count I seeks recovery against defendant Dave Welch in Count I, as superintendent of TACC, and plaintiff's supervisor, and against TACC in Count II as plaintiff's employer.

The defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1332, asserting that there is complete diversity of citizenship, and that the amount in controversy exceeds $75,000.[1] To support the removal, the defendants seek to have the Court dismiss Count

---

[1]The Court notes that in determining if the amount in controversy has been satisfied to establish the Court's subject matter jurisdiction, the amount sought in Count I, the non-diverse count, will not be considered. *See, Pratt Cent. Pk. Ltd. v. Dames & Moore, Inc.* 60 F.3d 350, 353 (7th Cir. 1995). However, the plaintiff seeks damages "in

I on the grounds that defendant Welch was fraudulently joined, and that without Welch, complete diversity exists.[2]

**A.      Plaintiff's Cause of Action Against Defendant Welch**

Defendants assert that plaintiff cannot maintain a cause of action under Illinois law for retaliatory discharge against Welch, as plaintiff's supervisor.  The Illinois Supreme Court has held that the Illinois Workers Compensation Act only exposes the employer, not a supervising employee, to liability for retaliatory discharge.  *Buckner v. Atlantic Plant Maint., Inc.,* 694 N.E.2d 565, 566 (Ill. 1998).  The *Buckner* court held that only the employer can actually discharge the employee, *id.*, and a supervising employee alone is without power to discharge. *Id. See also, Rosas v. BB Holdings Partnership*, 362 F. Supp.2d 986, 990 (S.D. Ill. 2005) ("This Court has found no Illinois case which has held that anyone other than an individual's employer is a proper party defendant in a retaliatory discharge action."); *Smith v. Waukegan Park Dist.*, 869 N.E.2d 1093, 1097 (Ill. App. Ct. 2007) (employer, alone, is liable under a retaliation claim).

Plaintiff asserts that the defendants' answer somehow gives rise to liability, on the grounds that TACC has alleged that Welch was not acting as an agent of TACC, but was only their employee.  Despite this position, this Court cannot find that under controlling Illinois law Welch could be liable for any claim based on retaliation for filing a workers compensation claim.  TACC, not Welch, employed the plaintiff, therefore, under the holding in *Buckner*, plaintiff cannot maintain a claim against Welch, and he is not a proper party to this suit.  Therefore, the

---

excess of $50,000," his annual salary was in excess of $30,000, over a two year period of time, plus likely claim for punitive damages satisfies the amount in controversy sufficient to give this Court subject matter jurisdiction. (*See Motsch v. Pine Roofing Co.,*  533 N.E.2d 1, 3 (Ill. App. Ct. 1988) (recognizing "retaliatory discharge based upon filing a Workers' Compensation claim is an appropriate tort for a punitive damage award because it deters an employer from discharging an employee exercising his statutory rights.")),

[2] TACC is a Delaware Corporation with its principal place of business in Ohio.

Court **FINDS** that plaintiff fraudulently joined defendant Welch and therefore, plaintiff's claim against him is subject to dismissal. 694 N.E.2d at 566.

## **CONCLUSION**

Accordingly, the Court **GRANTS** defendants' motion to dismiss Count I of plaintiff's complaint and defendant Dave Welch as fraudulently joined, and Count 1 is **DISMISSED**. Plaintiff's motion to remand is **DENIED** on all grounds.

**IT IS SO ORDERED.**

**DATED:   March 5, 2008.**

  s/ WILLIAM D. STIEHL  
  **DISTRICT JUDGE**